**Benjamin R. Trachtman, Esq. [SBN 137458]**
**Kevin L. Henderson, Esq. [SBN 150434]**
**TRACHTMAN & TRACHTMAN, LLP**
**19732 MacArthur Blvd., Suite 100**
**Irvine, CA  92612**
**Telephone:  (949) 282-0100**
**Facsimile:  (949) 282-0111**

Attorneys for Defendant TARGET CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA WYATT, an individual, | **CASE NO.:** |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |
| vs. | |
| TARGET CORPORATION, et al., | |
| Defendants. | |

TO:   THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

Defendant TARGET CORPORATION ("TARGET") notices the removal of this action to the United States District Court, and, in support thereof, states as follows:

1.     On July 29, 2020, Plaintiff ERICA WYATT ("WYATT") filed an action in the Superior Court of the State of California, in and for the County of Los Angeles (Case No. 20STCV28597) entitled "ERICA WYATT, Plaintiff vs. TARGET CORPORATION; DOES 1 through 55, Defendants."   A true and correct copy of Plaintiff's State Court Complaint is attached hereto as **Exhibit A**.

-1-

Notably, TARGET CORPORATION is the proper name of Defendant given said entity is the owner of the trailer where Plaintiff ERICA WYATT claims to have sustained injuries.  As is common with personal injury actions filed in State Court, the amount in controversy is not stated in the Plaintiff's Complaint.  See, California Code of Civil Procedure § 425.10(b).  In this case, the amount in controversy was not facially apparent from the Complaint.

2.  Service of the Summons and Complaint upon TARGET was made by personal service on August 3, 2020.

3.  **PROCEEDINGS/EVENTS THAT HAVE OCCURRED IN THE SUPERIOR COURT ACTION, TO DATE:** The following proceedings/events have taken place in the State Court action, to date:

   a.  On July 29, 2020, Plaintiff WYATT filed her Complaint and the Summons, and Notice of Case Assignment was issued.  A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Alternative Dispute Resolution (ADR) Information Package and Notice of Assignment,  issued on July 29, 2020 are attached hereto as **Exhibit A**.

   b.  On August 3, 2020, service of the Summons and Complaint upon TARGET was made by service through CT Corporation, TARGET's designated agent for service of process.  Said Proof of service was filed on August 12, 2020.  A true and correct copy of the Proof of Service is attached hereto as **Exhibit B**.

   c.  On August 11, 2020 the Court issued its [PI General Order] Standing Order re PI Procedures and with Hearing dates and Certificate of Mailing for [PI General Order], Standing Order re PI Procedures and with Hearing dates.  A true and correct copy of

the documents issued on August 11, 2020 are attached hereto as **Exhibit C**.

d. TARGET filed an Answer to Plaintiff's Complaint and a Demand for Jury Trial in the State Court on or about September 2, 2020. True and correct copies of TARGET's Answer to Plaintiff's State Court Complaint and Demand for Jury Trial are attached hereto as **Exhibits D** and **E**, respectively.

e. **<u>WRITTEN DISCOVERY IN STATE COURT:</u>** Defendant TARGET served Form Interrogatories, Set One; Special Interrogatories, Set One; Request for Admissions, Set One; and Request for Production of Documents, Set One, and Request for Statement of Damages on Plaintiff on September 2, 2020.

f. On September 17, 2020, WYATT served her response to Target's Request for Statement of Damages. The response was received on September 21, 2020. The response to the Request for Statement of Damages alleged that WYATT is seeking $500,000.00 in pain, suffering and inconvenience, $150,000.00 in emotional distress, an unknown amount for medical expenses (to date), an unknown amount for future medical expenses, an unknown amount for loss of earnings (to date), and an unknown amount for loss of future earnings. A true and correct copy of Plaintiff ERICA WYATT's Response to Request for Statement of Damages is attached hereto as **Exhibit F**.

4. No further proceedings have occurred in the matter now pending before the Los Angeles County Superior Court. However, the Court set the following future hearings:

a. Final Status Conference: January 12, 2022 at 10:00 a.m. in Department 31 at 312 North Spring Street, Los Angeles, CA

_____
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

90012;

b. Non-Jury Trial:  January 26, 2022 at 8:30 a.m. in Department 31 at 312 North Spring Street, Los Angeles, CA 90012; and

c. Order to Show Cause Re:  Dismissal:  July 26, 2023 at 8:30 a.m. in Department 31 at 312 North Spring Street, Los Angeles, CA 90012.

5. **TARGET'S RECEIPT OF FIRST PAPER SHOWING REMOVABILITY:** As noted above, on September 17, 2020, Plaintiff  ERICA WYATT served her Response to TARGET's Request for Statement of Damages which was received on September 21, 2020, which identified that Plaintiff was seeking general damages in excess of $650,000.00.

6. TARGET is and was at the time this action was commenced, a corporation incorporated in the State of Minnesota with its principal place of business in that State.  Defendant has confirmed that Plaintiff is a resident and citizen of the State of California (See, Plaintiff's Complaint, ¶ 2, pg. 1:26, attached hereto as **Exhibit A**, which provides that Plaintiff was at all times concerned a resident of San Bernardino County, California.).  There is now, and there was at the time of the commencement of this action, complete diversity between Plaintiff and Defendant.

7. TARGET is a corporate citizen of Minnesota.  If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).  TARGET has been incorporated in Minnesota throughout its existence, and has maintained control of its far-flung operations from its headquarters in Minneapolis, Minnesota for more than 100 years.   In the U.S. Supreme Court case, Hertz Corp. v. Friend, 130 S. Ct. 1181, U.S. (2010), the Supreme Court held that a corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center" -- the place where the corporations' high-level officers direct,

-4-
_____
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

control and coordinate the corporation's activities.  This is usually the corporate headquarters. Applying the "nerve center test" to this case, TARGET's principal place of business is Minneapolis, Minnesota.   TARGET does not conduct "substantially all" of its business in any single state, nor does TARGET's business in any single state "substantially predominate" over any other.[1] TARGET is a quintessential multistate corporation, with far-flung operations in each of the 50 states, <u>all of which is directed, controlled and coordinated by officers in Minneapolis, Minnesota</u>, without regard to locale, in furtherance of the corporate objective.

8.    The Complaint alleges claims for negligence, strict products liability – failure to warn, strict products liability – design defect, and strict products liability – manufacturing defects liability and negligence.  Plaintiff prays for the recovery of general damages; medical expenses; loss of earnings; loss of future earnings; future medical expenses; interest according to law; the costs of suit; and for such other and further relief as the Court may deem just and proper.

9.    The sum of the damages alleged by Plaintiff ERICA WYATT necessarily exceeds $75,000.00, exclusive of interest and costs, based on the following facts:  On July 31, 2018, Plaintiff ERICA WYATT, an employee of Swift Transportation, allegedly was injured when a securing mechanism (or some component thereof) for one of the bulkhead doors failed, causing the 80 pound trailer door to swing down and strike Plaintiff in the head and shoulder area.  As a result of this incident, Plaintiff ERICA WYATT claims to have sustained

---

[1]  Even if TARGET has relatively extensive sales, employees and assets in California, they do not "substantially predominate" TARGET's business activities, especially when looked at in light of California's relatively high population.  TARGET's business activities in California are of no significance to determining its citizenship. See, Hertz Corp. v. Friend, 130 S. Ct. 1181, U.S. (2010), holding that a corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center."

injuries to her head, neck, back and shoulders.

10.   Based on Plaintiff's Statement of Damages, I believe that the amount in controversy clearly exceeds $75,000.00.

11.   This Court has original jurisdiction over the subject matter of this action under the provisions of Section 1332 of Title 28 of the United States Code in that there is complete diversity between the parties and more than $75,000.00 in controversy, exclusive of interest and costs.  Pursuant to Section 1441 of Title 28 of the United States Code, TARGET is therefore entitled to remove this action to this Court.

12.   Thirty days have not elapsed since Defendant received the first paper from which it could be ascertained that the amount in controversy exceeded $75,000.00 making the case removable under 28 U.S.C. § 1446(b) – Plaintiff's Response to Request for Statement of Damages served via mail on September 17, 2020 and received on September 21, 2020, wherein Plaintiff identified general damages in excess of $650,000.00 as a result of the alleged incident.

13.   A true and correct copy of this Notice of Removal will be filed immediately with the Clerk of the Los Angeles County Superior Court.

14.   DOES 1 to 50 are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction.

///
///
///
///
///
///
///
///

-6-
_____
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

15.   Based on the foregoing, TARGET CORPORATION removes the above action now pending in the Superior Court, in and for the County of Los Angeles, as Case No. 20STCV28597, to this Court.

DATED:  September 28, 2020        **TRACHTMAN & TRACHTMAN, LLP**

*/s/ Kevin L. Henderson*
By:_____
    Benjamin R. Trachtman
    Kevin L. Henderson
    19732 MacArthur Blvd., Suite 100
    Irvine, CA  92612
    Email:  btrachtman@trachtmanlaw.com
    Email:  khenderson@trachtmanlaw.com
    Telephone:  (949) 282-0100
    Facsimile:    (949) 282-0111
    Attorneys for Defendant TARGET
    CORPORATION

_____
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# PROOF OF SERVICE
## FRCP 5

I, Lori Woehrmann, the undersigned, am over the age of 18 years and not a party to this action.  I am employed with the law firm of Trachtman & Trachtman, LLP, whose address is 19732 MacArthur Blvd., Suite 100, Irvine, CA  92612.

On September 28, 2020, I served the interested parties in this action with the following documents:

## NOTICE OF REMOVAL OF ACTION UNDER
## 28 U.S.C. § 1441(b) (DIVERSITY) AND CIVIL COVER SHEET

as follows:

| [   ] *BY ELECTRONIC TRANSMISSION:* | John A. Montevideo, Esq. Michael K. Teiman, Esq. Email: jmontevideo@damfirm.com mteiman@damfirm.com Attorney for Plaintiff |
| --- | --- |
| I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office. | |

*[X]    BY MAIL:*  I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firms' practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X) placing ( ) the original (X) a true copy thereof enclosed in the sealed envelopes addressed as follows:

_____

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

John A. Montevideo, Esq.
Michael K. Teiman, Esq.
DIMARCO| ARAUJO | MONTEVIDEO
1324 North Broadway
Santa Ana, California 92706
Email:  jmontevideo@damfirm.com
Email:  mteiman@damfirm.com
T:  (714) 835-6990 | F:  (714) 568-1854
**Attorneys for Plaintiff Erica Wyatt**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 28, 2020, at Irvine, California.

*/s/ Lori Woehrmann*

_____

Lori Woehrmann, Declarant

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**